In the United States District Court for the Western District of Pennsylvania

Charles Whitney

vs.

Mark Coppozza et al.,

Case No: 2:19-cv-01237

FILED
JAN 09 2020
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

Thus plaintiff Charles Whitney moves pursuant to Fed. R. Civ. P 15(a) to file a amended complaint "as a matter of course." The complaint as amended will follow as thus:

### Defendants list

Sup Mark Coppozza
Col John Doe
LT. Posika
LT. Parker
LT. Burton
Cpt Hawkiburry
401 Bosegerno
Unit manager Kneeper
John Doe 2
401 Robberts
C/o Erret

Pursuant to 42. U.S.C. § 1983 state official under the color of state law to see redress of deprivation. Court Jurisdiction under 28. U.S.C § 1331 (a)(3) and also a jurisdiction over plaintiff state law claim under 28 U.S.C. § 1367.

### Statement of the facts

1. On the date of 3/4/2019 the defendants stole a sum of $44.06 off of this inmate "trust fund" account. The plaintiff seek to purchase food items from commissary. But the plaintiff never got the food items and the defendant refuse to give plaintiff his property back when plaintiff inquired about this he was told they would hold his food items until he was out of the RHU.

2. On the date of 3/18/2019 the defendants then stole another sum of $53.62 from this inmate "trust fund account". Plaintiff seek to purchase food item and grooming items but plaintiff was never gave these items and the defendants refuse to give the plaintiff his property back.

3. On the date of 3/25/2019 the same defendant "John Doe" stole a sum of 44.65 dollars from plaintiff "trust fund account". The plaintiff seek to purchase, food items, grooming items and electronic song. Plaintiff never received all items and the defendants refuse to give plaintiff his funds back when he complained about this.

4. Plaintiff was told that his "property" would be held down commissary until he is release from the RHU. On June 10th, 2019 plaintiff was held in the RHU on "AC status". Plaintiff then pointed out to the defendants that he was "AC status" that according to policy he was allowed to have his food items and grooming items he had seek to purchase on 3/4/2019, 3/18/2019 and 3/25/2019.

5. The defendants refuse to give plaintiff these items and "tricked" and deceived the plaintiff into believing he would now obtain these items once he was at a nother prison plaintiff filed grievance and complained that he can have his property now not months later.

6. Plaintiff pointed out that there was no law nor policy which say the item he order while in population he could not have while in the RHU on "AC status". The defendants stole a sum of $142.33 from the plaintiff and still refuse to give it back to this plaintiff

7. The Chief Grievance officer never responsed to plaintiff final appeal on grievance at all. Plaintiff is now at SCI Forest and still has not got all of his food item at all. The defendant as of yet still has not responsed to plaintiff grievance of complaint.

8. When plaintiff left SCI Fayette on Sep.               Plaintiff ask defendant c/o/ Roberts about his "three bags of commissary". Plaintiff was told by the defendant c/o/ Robberts "it will be sent to RND at your next prison" as plaintiff was packing his other property up.

9. The defendants John Doe and c/o/ Robberst along with Lt. Posika conspire to steal plaintiff funds and property. Defendant Lt. Posik was made grievance officer and falsified his grievance report. The defendant violate plaintiff rights to commity mail fraud and theft.

10 On the date of 5/17/2019 the mail room officer stole the plaintiff mail out of the mail which he seek to mail to Defendant Tracy Moore who then conspire with the defendants of SCI Fayette to claim the defendant never got the mail.

11 The Defendants is the same orginization and has open and close communication with each other at the touch of a button or so. The defendant conspire to claim plaintiff fail to "Exhoust" remedies when they are the ones who stop the plaintiff from "exhaustion".

12 Then again on the date of 5/28/2019 the defendant mail room officer John Doe and or Jane Doe stole plaintiff mail out of the mail to stop plaintiff line of communication with Defendant Machieal Bell.

13 This was and is a continue and on going practice of the defendents in the violation of the RICO act and or section 1964(c) and 18 U.S.C. § 1961(5) the defendants at Central office of the Pennsylvania department of Correction use this activities to in turn have plaintiff civil complaint dismissed.

14 The defendant thus created a pattern of this mail fraud and wire fraud as they then write false documents in which they state they never got the mail as they have done in the past. And for the last 12 months have done so.

15 This in turn cost plaintiff to be subject to high fines and court cost as well as high fines for "postage" and "copies" of legal documents which funds for "postage" and "copies" go to the defendants SCI Fayette and SCI Bennertown ship.

16 On the date of 1/9/2019 Defendant Keri Moore on behalf of Defendant Dorina Varner commited mail fraud and wire fraud on a e-mail, memo to this plaintiff on which defendants Dorina Varner and Keri Moore.

17 Inform the plaintiff " You have not provided the required documentation for a proper appeal to final review...."

18 When defendants falsify such documents and the later link and attach "Affidavit" which would be false the court run and dismiss the plaintiff civil complaint and redress is then lost and with held from the plaintiff. The defendant thus conspire to do so and seek to act out a new conspiracy in violation of § 1985(3)

19 The defendants have done so inside plaintiff civil action 0357 which was dismissed this year 2019 from the middle diserit court by Judges Richard P. Conaboy and Munley on the date of 7/10/19.

20. Thus defendants conspired against this plaintiff by withholding and stealing mail out of the U.S. mail box to keep plaintiff from relief for his pain and suffering and to keep the courts from addressing plaintiff complaints of how defendant violated plaintiff right of U.S. Con.

21. The defendants then destroyed and stole plaintiff property for the mail send out on 5/28/2019 was related to property issues and defendant C/O1 Esset vandilization of plaintiff property.

22. On the date of 2-20-2018 to 3-18-2018 the defendants. SCI Bennertownship mail room and SCI Fayette mail room conspired and stole the plaintiff property a sum of $2000.00 out of the mail in the form of a check which was addressed to this plaintiff.

23. The two thousand dollar check was a sum of the money the plaintiff was to inhereit from his mothers death. The Insurrance compony informed plaintiff family and friend that they mail check to plaintiff address at SCI Bennertownship at the time plaintiff was being transfered out of SCI Bennertownship into SCI Fayette.

24. Plaintiff had no knowledge he was being transfered on the dates and time he was transfered from SCI Bennertownship on to SCI Fayette Plaintiff had no knowledge of the place he was being transfered to at all as the D.O.C keep this as top and high secret.

25. On the date of Sep. 29th plaintiff was took into the property closet of SCI Fayette where the plaintiff was force by defendant C/O1 Robb erts to sign "Blank postage slip". Plaintiff was "ex storted out of" another $82.80

26. The defendant told the plaintiff that he was only allow to have 75 pounds of property inside of his property and that all other property must be ship out or destroyed at this plaintiff cost.

27. So plaintiff was force to sign a blank postage slip. The defendant placed plaintiff property into three seperate boxes when all of his property could and can fix into his wooden foot locker, which the defendants claim can only be 75 pound.

28. Plaintiff challenge this because there is no policy nor law that say plaintiff foot locker must be 75 pounds of property or under plaintiff point out that all his personal property could fit inside his footlocker all but his legal exemption box.

29. The plaintiff footlocker was place on a "dagital scale" and weight 65 pounds all other property was placed in three boxes the defendants be sent to steal and ex stourt the plaintiff for his fund on his innate account a sum of $82.80 in all the defendant stole from this plaintiff a sum of $2,45.13

B

4 of 9

30. On or in the month of Febuary defendant C/o1 Erret who works the T.C. program of HB came into this plaintiff cell and vandalize this plaintiff property. Stole three books, a T-shirt and vandalize this plaintiff color television set, head phones, stole the television antenna and remote-control.

31. Plaintiff filed grievance and was then moved off of HB block on to GB black cell 1025 in the corner. Defendant Unit Manager Kneeper then told the plaintiff to sign off on the grievance because all he was going to do was call C/o1 Erret have him deny the grievance and it would be over.

32. Plaintiff refuse to sign off on the grievance and defendant Kneeper then falsified grievance response and because of the falsified grievance response the grievance was denied and dismissed.

33. Plaintiff filed grievance appeal to Supt. office and plaintiff never got another grievance response back as of 4/10/2019 plaintiff had to file another grievance and the Lt. Dailey of Ja block RHU went and obtain all grievance papers for plaintiff months later. So that plaintiff could seek to exhost grievance to Centrail office.

34. On the date of 4/9/2019 the defendants C/o1 John Doe1 and John Doe 2 came to the plaintiff cell and stole all documents about plaintiff grievance on his property against C/o1 Erret so that they could stop plaintiff from filing grievance against C/o1 John Doe and defendant Erret.

35. While in the RHU defendant C/o1 John Doe and Boscarono did a cell search on the plaintiff cell and plaintiff was made to stand outside off the cell and was not allow to watch the defendants search his cell. At some point of 4/9/2019 defendant C/o1 Boscarno came to the plaintiff cell door while still in the plaintiff cell.

36. The defendant said to the plaintiff "you got a whole fucking box of books." The defendants took the box with a sum of 20 books inside of it. The plaintiff demanded a confication slip but was never gave one.

37. The two defendants ask the plaintiff how did he obtain a whole box of books in his RHU cell. When the plaintiff try to explain that he was gave the box from his personal property by property officers. Defendant C/o1 Boscarcho told the plaintiff. "Shut the fuck up face forward."

38. The plaintiff only seek to gave a answer to the question he had been asked by defendant. and to ask for a confication slip for his property which the C/o1 are to issue if they take any item from a inmate.

39. The plaintiff never was gave a confication slip nor saw one until months later. After he had filed grievance and wrote the court and explained that the defendants had stole all of plainti ff property and legal documents and was with holding the plaintiff personal property and legal documents in retaliation.

40. The defendants seek to retaliate against this plaintiff because the plaintiff had seek to file seperate civil complaint inside civil case 0840 against SCI Bennertownship as the court had order the plaintiff to do. The defendant reacted to the plaintiffs litigation as a adverse action.

41. While plaintiff seek to file five different civil complaint and comply with court orders, defendants stole and withheld all of plaintiff property and denied plaintiff access to the RHU law librarcy in violation of his first and 14th amendment rights.

42. This plaintiff was placed on "property restriction" for a long and extended periods of time as a retaliatory act because of his seeking to follow court oders and file grievances.

43. As a adverse action the plaintiff was subject to the defendants use of force and unwont pain. Plaintiff was sexually assulted by defendant LT. Parker and abuse by defendants LT. Posika and C/o1 Buscarono on 4/9/2019 while defendant LT. Buxton fail to stop the sexual assult of the plaintiff and the abuse and use of un waranted forse by his code workers.

44. When the defendants took the plaintiff books out of his cell of the RHU the plaintiff ask the defendants "what you trying to stop me from learning my religion?" The defendants told the plaintiff "Shut up face forward."

45. At this point the defendants then pulled plaintiff from the wall which made up part of his cell and said "okay take a walk." once at the top of the stairs the defendant c/o1 Buscarono, LT. Parker, and LT. Posika begun to make threats towards the plaintiff.

46. The defendant LT. Posika threaten the plaintiff by saying "face forward before we throw you down the steps!" Plaintiff ask the defendant was they threatening him so he can file a complaint about their threat to do him harm and inflict pain to him.

47. Then the defendant say "face forwards before I knock you teeth out your fucking mouth" The plaintiff response was "I am facing forward." once down the stair the defendant became more violent towards the plaintiff.

48. This took place after The Attorney General file a 36 page breif to have The plaintiff case seperated into several different complaint on 4/5/2019 while plaintiff was already seeking to have several complaint filed with the court of the middle discrict court which can infer a retaliatory act of the defendants.

49. Once inside the RHU hall way by the mop closet and "scearch closet" where inmates are scipt searched at. The defendants bang the plaintiff head off of the wall a sum of five times to six times defendant LT. Parker sexually assulted the plaintiff when he grobed the plaintiff buttocks.

50. Defendant further and twisted the plaintiff arm until it popped out of place and plaintiff yell out in sheer pain "you trying to break my arm!"

51. Defendant LT. Burton set inside the LT. office and could see all the three defendant did to the plaintiff but defendant LT. Burton acted in deliberate indifferent as he watch through the window he did not seek to stop the defendants. he only watch their evil attack on the plaintiff while this plaintiff was hand cuffed behind his back.

52. The three defendants sexually assulted the plaintiff and sexually harrassed the plaintiff while he was hand cuffed behind his back as clo/Buscarono held the plaintiff in place, and the other two grab the plaintiff buttock and order the plaintiff "get on your knees. That a position you should be use to faget!"

53. The plaintiff is not gay nor homosexual. The defendants made sexval statements towards the plaintiff as they grab his buttocks, bang his head on the wall of stone and turn his arm twissing it aroun d.

54. These defendants violated the plaintiff 1st, 8th and 14th amendment of the U.S. Con.

55. Plaintiff was took to the inside closet script case and defendants place shackles on the plaintiff then threat to "fuck you up bitch" and "we will spray you ass." while plaintiff was hand cuffed, shackled and inside of the script case. Photograph was took of the plaintiff.

56. Plaintiff was then took to JD 1012 cell where he was placed on restriction for month. Plaintiff was denied his medically prescribe eye glasses for months and his eye sight has became worst because of the defendants violation of plaintiff 1st, 8th and 14th amendment of U.S. Con.

57. The plaintiff was informed that LT. Burton placed the plaintiff on "property restriction, yard restriction, Law library restriction and legal property restriction." These restrictions by policy is only 7 days long. However plaintiff was on this restriction for months.

58. When plaintiff filed grievance in complaint his restriction was extended as a retalatory act from one week to the next week this sgt wine inform the plaintiff that defendant Cpt. Hawkiberry placed the plaintiff on the same restriction which took the plaintiff pass one week.

59. Each time the plaintiff complain and or filed grievance his restriction was made longer as this plaintiff went on with out his eye glasses his eye sight got even worst. The plaintiff left eye became bulry because defendants refuse to gave plaintiff his personal property and his medically prescribe Eye glasses.

60. Plaintiff filed more grievance and these and grievance appeals was stolen out of the U.S. mail which stop them from going to office of grievances and appeals in its final stages.

61. LT. Dailey told the plaintiff he had to speak to some one when plaintiff requested his eye glasses. the same LT. Dailey is the officer who had to track down all plaintiff grievances and responses because the officers had stole them to keep plaintiff from filing grievance appeals thus deny plaintiff grievance and made them un avalible.

62. The defendants refuse to fill the prescription for the tooth that was prescribe to plaintiff by dental department. The defendant inflicted the plaintiff with mental anguish and emotional distress.

63. The defendants use of excessive force and denial of medical treatment was a violation of plaintiff U.S. con rights. The plaintiff was moved from J block RHU to K block RHU and placed on "AC status" in the month of June.

64. Defendant LT. Pasika was the LT. working on L block the same defendant who had help assault and sexually assult the plaintiff in the month of April 2019. This defendant house a inmate who they had hand cuffed and band at the waist with a "belt" while this inmate was already hand cuff. The defendant use more than two gallon of OC spray on the inmate.

65. This over use of OC spray came into the plaintiff cell who was one house above the other inmate cell. Two in the same vent system with the inmate and three defendant LT. Pasika derected the officers to turn the vent on so that the OC spray was pulled into the cells.

66. This OC spray made the plaintiff cough, cauf and snezze and the plaintiff eyes burn. The defendants LT. Pasika and his officers use so much OC spray that there was riverlets of OC spray running out of cell 1009 on to the bottom teir.

67. The defendants did this back to back day after day and when plaintiff complain the defendants claim they follow policy so plaintiff ask to see this policy the defendants claim they was following. Because each of these LT. Pasika use more than six cans of OC spray ounces of OC spray half more than a gallon or more than 12 cans.

68. The defendants code workers claim the plaintiff complaints on grievances is not valit and have no founding but do immit they use OC spray and excessive force on the days plaintiff complained of.

## Relief Seek

Plaintiff seek a sum of 5 million dollars from the defendants in their official capacity in unison.

Plaintiff seek a sum of $600,000 from each defendant in their individual capacity.

I Charles Whitney hereby made pursuant to 28 U.S.C § 1746 I declare under penalty of perjury that the foregoing is true and correct

Charles Whitney
1/5/2020

## Certificate of Service

I Charles Whitney plaintiff hereby certify that I am placing this 9 page civil amended complaint § 1983 into the U.S. mail box and it is addressed to Clerk of Court Western District Court of Pennsylvania 700 Grant Street Suite 3110 Pittsburgh, Pa. 15219 placed in the mail box of AB on Sunday afternoon time: 9:26 am

Inside two envelopes marked as civil action 1 and 2