**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CHARLES WHITNEY, | ) | |
| | ) | Civil Action No. 2: 19-cv-1237 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | United States Senior Judge |
| | ) | Joy Flowers Conti |
| | ) | |
| LT. POSIKA, LT. PARKER, | ) | |
| C/O BOSEGERNO, LT. BURTON, | ) | |
| CPT. HAWKIBURRY, CO1 JOHN DOE, | ) | |
| UNIT MANAGER KNEEPER, | ) | |
| SUP. MARK COPPOZZA, JOHN DOE 2, | ) | |
| C/O 1 ROBERTS, and C/O ERRET, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Introduction

Pending before the court in this prisoner civil rights actions filed under 42 U.S.C. §§ 1983 and

1985(3) and the Racketeer Influenced and Corrupt Organization Act, 18 U.S.C. § 1962(c), are

plaintiff's objections to the magistrate judge's report and recommendation.  For the reasons set forth

in this opinion, plaintiff's objections will be denied and the January 12, 2021, report and

recommendation, as supplemented, will be adopted as the opinion of the court.

Procedural History

This case was referred to a United States magistrate judge for pretrial proceedings in

accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rules of Court 72.C

and 72.D.

The complaint was filed in this matter on December 31, 2019. (ECF No. 10).  Prior to service,

plaintiff filed an amended complaint on January 9, 2020, which remains his operative pleading.

(ECF No. 12).  On  October 29, 2020, defendants filed a motion to dismiss (ECF No. 24), to which

plaintiff filed a brief in opposition on November 9, 2020. (ECF No. 30).

The magistrate judge's report and recommendation, dated January 12, 2021, recommended

that defendants' motion to dismiss be granted in part and denied in part.  (ECF No. 37).  A copy of

the report and recommendation was sent to plaintiff by First Class United States Mail at his listed

address.   Plaintiff timely filed objections to the report and recommendation. (ECF No. 38).

Plaintiff's objections to the report and recommendation are now ripe to be decided by the court.

Legal Standard

When objections to a magistrate judge's report are filed, the court must conduct a *de novo*

review of the contested portions of the report.  *See Sample v. Diecks*, 885 F. 2d 1099, 1106 n.3 (3d

Cir. 1989) (citing 28 U.S.C. § 636(b)(1)).  The den novo review is limited to the extent that a party's

objections are both timely and specific; if objections are merely "general in nature," the court "need

not conduct a *de novo* determination."  *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984); *Batista v*

*Walker*, 94-cv-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) (stating a

district judge is permitted to adopt those sections of a magistrate judge's report to which no specific

objection is made, so long as those sections are not facially erroneous).  Indeed, the United States

Court of Appeals for the Third Circuit has instructed that "providing a complete *de novo*

determination where only a general objection to the report is offered would undermine the efficiency

the magistrate system was meant to contribute to the judicial process."  *Goney,* 749 F.2d at 7.

Discussion

Plaintiff's objections generally are not specific.  Instead of identifying specific aspects of the

report and recommendation which he believes are flawed, plaintiff merely rehashes the arguments he

made in response to the motion to dismiss, which arguments were discussed by the magistrate judge in the report and recommendation. Those objections are "general in nature" and are, therefore, reviewed for clear error. Following an independent review of the record, the court is satisfied that the report and recommendation contains no facially erroneous matters and will therefore accept the recommendation of the magistrate judge to grant in part and deny in part the motion to dismiss.

Plaintiff, however, does raise a specific objection with respect to the recommended dismissal of his due process claims. The court agrees with the recommendation that plaintiff's Fourteenth Amendment due process claims based on the same factual allegations underlying his First and Eighth Amendment claims should be dismissed because they are duplicative of his claims under the more particular amendment language.

The court also agrees that plaintiff's Fourteenth Amendment due process claims based on deprivation of property should be dismissed, but finds supplementation of the report is needed. Plaintiff claims that (i) he was wrongfully denied the return of his personal property which he ordered from the commissary and that prison officials refused to refund his money; (2) his mail addressed to the grievance officer was "stolen" by the mail room officer; and (3) a $2,000.00 inheritance check that was mailed to him by an insurance company was stolen out of the mail room. As the report explains, plaintiff's claims fail if a meaningful post-deprivation remedy is available for the loss. Report and Recommendation at 14 (citing *Hudson v. Palmer*, 468 U.S. 51, 533 (1984). The United States Court of Appeals for the Third Circuit has held that the grievance procedure of the Pennsylvania Department of Corrections "provides an adequate post-deprivation remedy" in satisfaction of the Due Process Clause for prisoners making claims to or about loss of personal property. *Durham v. Dep't of Corr.*, 173 F. App'x 154, 157 (3d Cir. 2006*).* It is not relevant

3

whether the alleged loss of property occurred as a result of negligent or intentional conduct. *Hudson*, 468 U.S. at 533.

Here, plaintiff cannot state a claim for a procedural due process violation because he had an adequate post-deprivation remedy available to him through the Department of Corrections' inmate grievance procedure. This remedy was not rendered inadequate simply because plaintiff was not successful at seeking the return of his property. *Tarselli v. Harkleroad*, No. 10-1266, 2012 WL 603219, at *6 (W.D.Pa. Feb. 23, 2012) (concluding that "the failure of a prison official to provide a favorable response to an inmate grievance does not demonstrate that the process was inadequate, meaningless, or otherwise constitutionally infirm") (*citing, inter alia, Austin v. Lehman*, 893 F. Supp. 448, 454 n.4 (E.D.Pa. 1995) ("Of course, that Plaintiff did not prevail in this procedure in no way affects the procedure's adequacy as a post-deprivation remedy.")).

Even assuming the prison grievance procedure was inadequate, an adequate post-deprivation remedy was still available to plaintiff in the form of a state tort action for conversion of property. *See Shakur v. Coelho*, 421 F. App'x 132, 135 (3d Cir. 2011) (holding Pennsylvania Tort Claims Act provided adequate post-deprivation remedy for willful deprivation of property); *Mattis v. Dohman*, 260 F. App'x 458, 461 (3d Cir. 2008) (upholding dismissal of a prisoner's claim for deprivation of property based in part on the fact that the prisoner "could also have pursued a state tort suit for conversion of property"); *Alexander v. Gennarini*, 144 F. App'x 924, 935 (3d Cir. 2005) (same); *Morales v. Beard*, No. 09-162, at *2 (W.D. Pa. 2009) (holding even if prison grievance system was inadequate, prisoner still had "at least one adequate post-deprivation remedy in the form of a state law tort suit"). For these reasons, plaintiff cannot state a procedural due process claim based on the deprivation of his property.

To the extent plaintiff is attempting to make a substantive due process claim, his allegations fail to state a claim because the loss or destruction of his property simply does not shock the court's conscience. *See., e.g., United Artists Theatre Circuit, Inc. v. Township v. Warrington,* Pa., 316 F.3d 392, 399-400 (3d Cir. 2003) ("our cases have repeatedly acknowledged that executive action involves substantive due process only when it shocks the conscience."). *See also Moore v. Glukster*, 548 F. Supp. 165, 167 (D.Md. 1982) ("At worst, plaintiff alleges that the items were stolen by the guards. While such action by prison guards, if proven, would clearly be wrongful, there is nothing about the alleged incidents that could conceivably 'shock[] the conscience' of the court. Therefore, the complaint cannot be read as alleging a violation of substantive due process rights.").

## III.  CONCLUSION

For the reasons set forth above, defendants' motion to dismiss will be granted in part and denied in part, plaintiff's objections will be denied, and the magistrate judge's report and recommendation as supplemented herein will be adopted as the opinion of the court as follows:

- The motion will be granted with respect to the following claims:  (i) all claims against Superintendent Cappozza, (ii) all claims for civil violations of the RICO statute; (iii) all conspiracy claims brought under 42 U.S.C. §§ 1983 and 1985(3), and (iv) all claims alleging violations of the Fourteenth Amendment; and

- The motion will be denied with respect to the following claims: (i) all claims alleging violations of the First Amendment (retaliation) and (ii) all claims alleging violations of the Eighth Amendment (excessive force, sexual assault and harassment, failure to protect/intervene, failure to provide medical treatment, and conditions of confinement.).

The case will be remanded to the magistrate judge for all further pre-trial proceedings.

An appropriate order will be entered.

Dated:  March 23, 2021

BY THE COURT:

/s/ *Joy Flowers Conti*
Senior United States District Court Judge

cc:  **CHARLES WHITNEY**
DM 3996
SCI Forest
P.O. Box 307
286 Woodland Drive
Marienville, PA 16239
(via U.S. First Class Mail)

All counsel of record
(via ECF electronic notification)